IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP INC., | No. C-04-04367 CW (EDL) |
| Plaintiff, | **REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| METROPOLE NEWS GROUP, LLC, et al., | |
| Defendants. | |

On October 15, 2004, Plaintiff IO Group filed this action against Defendants Metropole New Group, Easy Planet, Rainbow Zone and two individual Defendants for, *inter alia*, copyright infringement and unauthorized commercial use of a photograph. After entry of default on May 12, 2005, Plaintiff filed a motion for default judgment, which was referred to the undersigned Magistrate Judge pursuant to Civil Local Rule 72-1. The motion came on for hearing on August 30, 2005. Attorney Gill Sperlein appeared for Plaintiff. Defendants did not file an opposition to Plaintiff's motion and did not appear at the hearing.

**Background**

In its complaint, Plaintiff alleges the following facts: Plaintiff, doing business as Titan Media, produces, markets and distributes adult entertainment products, including Internet website content, videos, DVDs and photographs. Compl. ¶ 2. Defendant Metropole News Group, doing business as Defendant Easy Planet, doing business as www.rainbow_zone.com, maintains a highly interactive subscription-based website for adult entertainment images. Id. ¶¶ 3-4, 25. On two occasions, Plaintiff's employees discovered a number of Plaintiff's copyrighted photographs being publicly displayed by and through www.rainbow_zone.com. Id. ¶¶ 26, 28. Defendants reproduced,

distributed and publicly displayed more than 764 copyrighted photographs. Id. ¶¶ 26, 28, 30.

In October 2004, Plaintiff sent a cease-and-desist letter to Defendants, demanding that they remove all of Plaintiff's proprietary content from www.rainbow_zone.com and that they refrain from any future use of Plaintiff's content. Compl. ¶ 27; Declaration of Gill Sperlein Decl. ¶ 8. Subsequently, Defendants removed the images from the website. See Sperlein Decl. ¶ 9. On February 23, 2005, Plaintiff purchased a membership to www.rainbow_zone.com and Plaintiff's employee discovered 64 additional new photographs on Defendants' website, for a total of 783 photographs. Burford Decl. ¶ 6. On February 24, 2005, Defendants summarily cancelled Plaintiff's membership without explanation. Compl. ¶ 28.

**Default Judgment**

Federal Rule of Civil Procedure 55(b)(2) authorizes the Court to enter judgment against a defendant against whom a default has been entered, assuming that defendant is not an infant, is not incompetent or in military service. Defendants here are not unrepresented minors, incompetent or in military service. See Sperlein Decl. ¶ 4.

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (citing Pope v. United States, 323 U.S. 1, 12 (1944)). In exercising its discretion to grant default judgment, the court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Generally, upon entry of default, the factual allegations of the complaint are taken as true, except for those relating to damages. See Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir.1987).

Here, the Eitel factors weigh in favor of default judgment. Most importantly, the substantive claims in the complaint appear to have merit and the complaint is sufficient to state those claims. A claim for copyright infringement has two elements: (1) ownership of the copyright; and (2)

2

infringement by the defendant. See Kling v. Hallmark Cards, Inc., 225 F.3d 1030, 1037 (9th Cir. 2000). In its complaint, Plaintiff alleges that each of the photographs at issue is registered with the Copyright Office and the Defendants reproduced, distributed and publicly displayed the photographs on www.rainbow_zone.com without permission. Compl. ¶¶ 29, 32, 43. Therefore, Plaintiff has alleged sufficient facts to state a claim for copyright infringement.

California Civil Code section 3344(a) regarding unauthorized commercial use of a photograph states: "[a]ny person who knowingly uses another's name, voice, signature, photograph, merchandise, or goods, or for purposes of advertising or selling or soliciting purchases of, products, merchandise, goods or services, without such person' prior consent . . . shall be liable for any damages sustained by the person or persons injured as a result thereof." The copyright act does not preempt this section of the Civil Code. See Downing v. Abercrombie & Fitch, 265 F.3d 994, 1004-05 (9th Cir. 2001). In its complaint, Plaintiff alleges that models in the photographs at issue executed written agreements with Plaintiff through which Plaintiff became the exclusive proprietor of the models' rights of publicity in the photographs. Compl. ¶ 70. Plaintiff alleges that Defendants infringed those rights by displaying the photographs for commercial gain without Plaintiff's consent. Compl. ¶ 72. Therefore, Plaintiff has alleged sufficient facts to state a claim for relief under section 3344(a).

The remaining Eitel factors also weigh in favor of granting default judgment. First, if the motion were denied, Plaintiff would likely be without a remedy; Plaintiff attempted to reach a compromise with Defendants but was unsuccessful. See Sperlein Decl. ¶ 9; see Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). Second, the amount of money sought is not completely disproportionate or unreasonable given the number of copyrighted images that Defendants copied. Finally, because Defendants did not file an answer to the complaint, there is little to suggest that there is a possibility of a dispute concerning material facts, and it is unlikely that Defendants' default was due to excusable neglect, especially when Plaintiffs served its motion for default judgment on Defendants, but still received no response.

3

Accordingly, the motion for default judgment should be granted. The remaining issue is the amount of the judgment.

**Damages**

### 1. Copyright infringement

A copyright infringer is liable for either the actual damages incurred or statutory damages. See 17 U.S.C. § 504(a). Plaintiff concedes that it cannot prove the former. Statutory damages are assessed by the Court in the range between $750 and $30,000 per work, increased to $150,000 in cases of willful infringement. See 17 U.S.C. § 504(c).

Here, Plaintiff argues that Defendants should pay at least $2,500.00 per work infringed, for a total of $1,957,500.00 ($2,500 x 783 photographs). Because Plaintiff believes that the infringement was willful, Plaintiff argues that Defendants should pay $7,500.00 per work, which represents treble damages, for a total of $5,872,500.00 ($7,500 x 783 photographs).

In support of Plaintiff's request for $2,500.00 per work infringed, Plaintiff has submitted the declaration of Keith Webb, its vice-president of marketing and legal affairs. Attached to Mr. Webb's declaration is a form license for use of Plaintiff's images. See Webb Decl. Ex. A. That license provides for a one-time license of an image and states that Plaintiff shall be compensated $2,500.00 in liquidated damages per image for the unauthorized use of an image. See Webb Decl. ¶ 8. Also attached to Mr. Webb's declaration is a legal statement of Plaintiff's intellectual property rights, which is posted on its website. See Webb Decl. Ex. B. The legal statement provides in part: "Each individual photograph or image contained on our web pages or portion thereof contained in this site has a retail value of $2,500.00 U.S. and is only available when ordered from the author." See id. at 1.

This type of evidence of damages does not always justify an award of $2,500.00 per photograph on default judgment. Compare IO Group v. Bench, C-04-3116 CRB (JCS) (awarding $2,500.00 per work infringed), with IO Group v. Ryan, C-02-5140 RMW (finding $1,000.00 per work to be the appropriate amount) and IO Group v. Adkins, 2005 WL 1492381 (N.D. Cal.) (same). The Court is persuaded by the latter cases. The form license offered by Plaintiff is just that -- a form. Plaintiff failed to provide any evidence of actual licenses negotiated with third parties.

4

1  Further, the form license does not show what a third party would pay for a license; it simply
2  describes the penalty for unauthorized use.  Also, the legal statement of intellectual property rights is
3  an unsubstantiated claim that the images are each worth $2,500.00.  Plaintiff failed to submit any
4  evidence that a third party in the marketplace has actually paid $2,500.00 per image or that in
5  negotiations, Plaintiff would never accept anything but $2,500.00.

6       The Court concludes that Plaintiff should receive $1,000.00 per work infringed.  An award of
7  more than the statutory minimum of $750 per image is warranted because of the large number of
8  images copied and the fact that Plaintiff limits distribution of its images to maintain their value.  See
9  Webb Decl. ¶¶ 4, 6, 7.  An award greater than $1,000.00 was not justified because there is not
10 extensive evidence of willfulness and no evidence that Defendants enjoyed profits of $1,000 or more
11 per image.

12      The remaining question is whether the infringement was willful; the Court recommends
13 against finding willfulness.  Compare IO Group v. Purser, C-04-2823 SBA and IO Group v. Carlin,
14 C-03-3344 CW, with Adkins, 2005 WL 1492381.  The Court does not credit any allegations in the
15 complaint regarding willfulness because those allegations go to damages.  See, e.g., IO Group v.
16 Ward, C-03-5285 JSW ("IO Group's allegations of willfulness bear directly on the question of
17 damages; the assertion here that Defendant acted willfully is insufficient to justify enhanced
18 damages in this instance.").  However, Plaintiff provided evidence that Defendants display works of
19 numerous other producers without licensing or otherwise obtaining permission for such use.  See
20 Webb Decl. ¶ 12.  Plaintiff argues that willfulness is shown because Defendants continued to
21 infringe in February 2005 even after the lawsuit was filed, and because Defendants would not
22 negotiate a settlement.  See Sperlein Decl. ¶ 9.  Plaintiff also points to Defendants' failure to respond
23 to this lawsuit as evidence of willfulness.  Also, Defendants cancelled Plaintiff's website
24 membership without notice which thwarted Plaintiff's efforts to look for infringing material.
25 Plaintiff also contends that the sheer number of instances of infringement demonstrates that this was
26 not accidental copying.

27      The Court is not convinced that the unwillingness to settle and the failure to participate in
28 this lawsuit constitute willfulness.  By contrast, re-posting infringing material on a website even

5

after receiving a cease-and-desist letter and a lawsuit and after initially deleting the photographs is classic willful conduct.  See Perfect 10 v. Talisman, 2000 U.S. Dist. LEXIS 4564 at 5 (C.D. Cal. Mar. 27, 2000) (holding that when a defendant " knew or should have known that . . . photographs belonged to someone else at the time that it posted them on its website [the defendant's] infringement . . . was willful.").  In this case, however, there is no evidence that Defendants would have known that the re-posted photographs belonged to Plaintiff; Plaintiff itself states that it has discovered "well over one hundred websites illegally publishing its copyright protected works." Webb Decl. ¶ 14.  Defendants may have obtained Plaintiff's copyrighted material from another source with no reason to believe the material was Plaintiff's.  See IO Group v. Bench, C-04-3116 CRB (JCS) ("In other words, Defendant could have obtained the photograph at issue from one of the many web sites that has pirated Plaintiff's images and further, could reasonably have believed that the photograph was not protected by copyright.").

Because the Court recommends against finding willfulness, Plaintiff's motion for default judgment should be granted for copyright infringement in the amount of $783,000 ($1,000.00 x 783 works).

**2.      California Civil Code section 3344(a)**

For violation of California Civil Code section 3344(a), "the person who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars or the actual damages suffered by him or her as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages." Cal. Civ. Code § 3344(a).  Plaintiff seeks an award of the minimum amount -- $750.00 per work.  This is an appropriate damage award given the language of the statute. Remedies under this section are cumulative.  See Cal. Civil Code § 3344(g).

Therefore, the Court recommends granting Plaintiff's motion for default judgment for violation of California Civil Code section 3344(a) in the amount of $587,250.00 ($750.00 x 783 works).

**Conclusion**

The Court recommends granting Plaintiff's motion for default judgment in the total amount

of $1,370,250.00. Any party may serve and file specific written objections to this recommendation within ten (10) business days after being served with a copy. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3 . Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO ORDERED.**

Dated: September 1, 2005

*Elizabeth D. Laporte*
_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

United States District Court
For the Northern District of California